

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. D. Looney
County Auditor
Bowie County
Boston, Texas

Dear Sir:

Opinion Number O-5428
Re: Under the facts submitted
should the road tax be
collected along with other
delinquent taxes in Bowie
County?

We have your letter of recent date reading as follows:

"In this County we have a Road District, where the Board of County and District Road Indebtedness now is paying 100% on annual payments. The outstanding bonds amount to $25,000.00 and the date of maturity is 1949. The said District has to its credit here about $3090.00 and has some credit with the Board of County and District Road Indebtedness. Please advise that in the collection of delinquent taxes, should this road tax be collected with the other taxes, which was levied for each year? No tax levy made since 1933."

It is our opinion that the delinquent road tax should be collected along with the collection of other delinquent taxes. The Commissioners' Court has no authority to release the delinquent taxes to the taxpayers; moreover, property would not be free of tax liens until such delinquent taxes are paid.

Honorable J. D. Looney, page #2


The terms under which the State has undertaken to pay off bonds voted, the proceeds of which have been spent on designated highways, provide that a county or road district continues liable for the payment of that indebtedness inasmuch as the State has merely assumed the payment thereof. In this connection we refer you to Section 8 of the Bond Assumption Law, which reads as follows:

"Sec. 8. No provisions of this Act shall be construed to authorize the giving or lending of the credit of the State to any county or district or to pledge the credit of the State in any manner whatever for the payment of any of the outstanding road indebtedness herein referred to of the counties or districts of the State. It is hereby declared that all eligible indebtedness, as herein defined, shall remain indebtedness of the respective counties or defined road districts which issued it, and said counties or defined road districts shall remain liable on said indebtedness according to its terms and tenor; and it is not the purpose or intention of this Act, or any part thereof, to obligate the State of Texas, directly or indirectly or contingently, for the payment of any such obligations or that the State of Texas should assume the payment of said obligations, and this Act is not to be construed as obligations to make any payment of the same, or any part thereof, nor shall such holders have any rights to enforce the appropriation of any of the moneys hereinabove provided for, nor shall any provision hereof constitute a contract on the part of the State to make money available to any county for the construction of additional lateral roads. The provisions hereof are intended solely to compensate, repay, and reimburse said counties and districts for the aid and assistance they have given to the State in furnishing, advancing and contributing money for building and constructing State Highways."


Each biennium the Legislature appropriates from the State Treasury a sum sufficient to meet the proportionate part

Honorable J. D. Looney, page #3

of the debt so assumed, and while it is an unlikely con-
tingency, it is entirely possible that at some future date
the Legislature may fail to appropriate the money for this
purpose, in which case it would fall to the lot of the road
district to provide funds for the purpose of meeting the
debt requirements for that year, and in the event the tax-
es levied had not been collected, the road district would
be in default on payments due at that time. But regardless
of the foregoing contingency, the fact that no authority
exists for releasing the delinquent road taxes to the tax-
payers compels us to advise you that these delinquent taxes
should be collected along with the other delinquent taxes.

Since you state that no levy has been made since 19..
there would be no road bond taxes delinquent for the years
subsequent to that year.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By C. F. Gibson

C. F. Gibson
Assistant

CFG-s

APPROVED 1943

Acting ATTORNEY GENERAL OF TEXAS

O.C.R.